Hernández Torres, Juez Ponente
*655 TEXTO COMPLETO DE LA SENTENCIA
El señor José Reyes Pérez apela una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, la cual establece el pago mensual por el apelante de $2,964.65 pomo pensión alimentaria, así como el pago de no menos del 93% de los gastos médicos no cubiertos por un plan médico y de educación privada para el beneficio del hijo menor habido entre las partes de epígrafe.
El apelante aduce que el tribunal a quo erró en su determinación, ya que: (1) la vista sobre fijación de pensión alimentaria se llevó a cabo en ausencia de un testigo indispensable del apelante; (2) la examinadora impidió al abogado del apelante contrainterrogar al perito presentado por la parte apelada; y (3) la pensión establecida es excesiva.
Luego de hacer un análisis de los hechos, la ley y la jurisprudencia aplicable al caso, procedemos a confirmar la sentencia apelada.
I
La apelada, señora Iris Gracia Rodríguez, interpuso en agosto de 1996 una demanda por alimentos contra el apelante, José Reyes Pérez. En la misma, la apelada solicitó al Tribunal de Primera Instancia que estableciera como pensión alimentaria para el hijo menor habido entre ambos una suma no menor de $3,000.00. El apelante se opuso a dicha suma y solicitó que la pensión fuera establecida según sus ingresos y obligaciones.
Así las cosas, en diciembre de 1996, las partes acordaron como pensión alimentaria provisional la suma de $2,398.00 mensuales. La vista en sus méritos para fijar la pensión alimentaria para el menor se celebró finalmente el 5 de mayo de 1998, luego de haber sido pospuesta en varias ocasiones a instancia de ambas partes. 
En la vista celebrada ante la Examinadora de Pensiones Alimentarias (Examinadora), el apelante solicitó la suspensión de la misma por no estar preparado y por no estar presente-su Contador Público Autorizado (C.P. A.). La parte apelada se opuso a la transferencia de la vista para fecha posterior e indicó que estaba preparada para ver el caso. La Examinadora denegó la solicitud del apelante y estableció que su determinación de continuar con los procedimientos estaba sujeta a que en su día, el apelante presentara su posición por escrito para la consideración del Tribunal de Primera Instancia.
La prueba desfilada en la vista consistió de las planillas de información personal y económica de las partes, copia de un estado financiero del promovido y dos resúmenes de inversiones e ingresos preparados por una C. P.A. que asistió a la vista en calidad de perito por la parte apelada. Ambas partes presentaron su testimonio, al igual que la C.P.A., teniendo los abogados de las partes oportunidad de interrogar y contrainterrogar.
A base de la prueba desfilada, la Examinadora preparó un informe para la consideración del Tribunal de Primera Instancia. En su sentencia del 5 de octubre de 1999, la cual es motivo de esta apelación, el tribunal recurrido acogió el informe y las recomendaciones de la Examinadora.
II
Los casos de alimentos están revestidos del más alto interés público, especialmente cuando hay menores envueltos. Ríos Rosario v. Vidal Ramos, Op. 30 de junio de 1993, 93 J.T.S. 113, a la pág. 1095; López v. Rodríguez, 121 D.P.R. 23, 28 (1988); Negrón Rivera y Bonilla, Ex Parte, 120 D.P.R. 61, 71 (1987). Por lo tanto, estos casos deben agilizarse y atenderse con premura.
*656 En nuestra jurisdicción, el Código Civil de Puerto Rico, 31 L.P.R.A. sees. 561 y ss. y la Ley Orgánica de la Administración para el Sustento de Menores (Ley de Sustento de Menores), según enmendada, 8 L.P.R.A. sec. 501 y ss., son las fuentes de la obligación alimentaria. De ahí, que la obligación que tienen los padres de alimentar a sus hijos sea una obligación primordial y que su cumplimiento se exija con el mayor rigor. Soto Cabral v. Estado Libre Asociado de P.R. y Universidad de P.R., Op. 21 de abril de 1995, 95 J.T.S. 49, a la pág. 818.
La Ley de Sustento de Menores en su artículo 13, 8 L.P.R.A. sec. 512, dispone para la fijación o modificación de pensiones alimentarias, la utilización de un procedimiento expedito que reduce el tiempo de tramitación del proceso judicial en este tipo de caso. A tales efectos, provee para el nombramiento de Examinadores de Pensiones Alimentarias, adscritos a las Salas del Tribunal de Primera Instancia, para presidir vistas sobre determinación de pensión alimentaria y filiación.
Los Examinadores están facultados por ley para recibir testimonios y cualquier otra evidencia, a establecer un expediente del caso, y a efectuar determinaciones de hechos y conclusiones de derecho, así como a someter recomendaciones con respecto a la fijación o modificación de pensiones alimentarias. En los procedimientos ante el Examinador, también se permite la utilización de los mecanismos de descubrimiento de prueba establecidos por nuestras Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. y se provee para la aplicación de las Reglas de Evidencia, 32 L.P.R.A., Ap. IV.
Luego de celebrarse la vista, el Examinador preparará un informe final con sus recomendaciones sobre pensión alimentaria y deberá incluir determinaciones de hechos y conclusiones de derecho. El juez, por su parte, podrá hacer suyas las determinaciones, conclusiones y recomendaciones del Examinador o hacer sus propias determinaciones de hechos o conclusiones de derecho con o sin vista previa y emitir la orden, resolución o sentencia que corresponda. Artículo 18 (5) de la Ley, 8 L.P.R.A. sec. 517 (5).
Significa que el Juez podrá: (1) adoptar la recomendación del examinador; (2) preparar sus propias determinaciones de hechos y derecho, con o sin vista previa; o (3) revocar al examinador y devolver el caso al foro de este último para que reciba más prueba, o para que modifique el informe.
Del expediente que obra en autos, surge que la vista para la fijación de pensión alimentaria fue celebrada luego de nueve señalamientos y transcurrido un año desde que la pensión fue solicitada por primera vez. Surge, además, que en la vista celebrada ambas partes tuvieron oportunidad de presentar prueba, de interrogar y contrainterrogar y de que la Examinadora interrogó también a las partes. Sin embargo, no surge de qué forma la incomparecencia del C.P.A. del apelante afectó el procedimiento llevado a cabo o en qué forma el testimonio de éste hubiera podido beneficiar al apelante. 
Además, de que el recurso presentado por el apelante no pone a este Tribunal en posición de resolver los errores primero y segundo.
Como tercer error, el apelante señala que la pensión establecida es excesiva. El Artículo 142 del Código Civil, 31 L.P.R.A. sec. 561, define alimentos como todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia, incluyendo la educación e instrucción del alimentista cuando es menor de edad. El Código Civil impone la obligación de alimentar a los hijos no emancipados tanto al padre como a la madre y añade que cuando la obligación recaiga entre dos o más personas, debe repartirse el pago de la pensión en cantidad proporcional a los respectivos caudales. Artículos 153 y 145, 31 L.P.R.A. secs. 601 y 564; López v. Rodríguez, supra, a la pág. 29; Vega v. Vega Oliver, 85 D.P.R. 665, 679-680 (1962).
*657 Por consiguiente, el Tribunal de Primera Instancia debe fijar la cuantía de los alimentos en proporción, no sólo a las necesidades del alimentista, sino también a los recursos que el alimentante tiene a su disposición. 31 L.P.R.A. sec. 565; Rodríguez Aviles v. Rodríguez Beruff, 117 D.P.R., pág. 621. Véase, además, artículo 19 de la Ley de Sustento de Menores, 8 L.P.R.A. sec. 518.
Asimismo, la Ley de Sustento de Menores establece que al determinar los recursos económicos de una persona obligada a pagar una pensión alimentaria, se tomará en consideración, además del ingreso neto ordinario, el capital o patrimonio total del alimentante. 8 L.P.R.A. sec. 518. Añade, que el “ingreso” que se tomará en cuenta para determinar una pensión alimentaria es aquel que:
"... comprende cualquier ganancia, beneficio, rendimiento o fruto derivado de sueldos, jornales o compensación por servicios personales, incluyendo la retribución recibida por servicios prestados como funcionario o empleado del Estado Libre Asociado de Puerto Rico, del Gobierno de los Estados Unidos de América, o de cualquier estado de la Unión de los Estados Unidos de América, o de cualquier subdivisión política de los mismos, o de cualquier agencia o instrumentalidad de cualesquiera de las mencionadas entidades en cualquiera que sea la forma en que se pagaren; o de profesiones, oficios, industrias, negocios, comercio o ventas; o de operaciones en propiedad, bien sea mueble o inmueble, que surjan de la posesión o uso del interés en tal propiedad; también de los derivados de intereses, rentas, dividendos, beneficios de sociedad, valores o la operación de cualquier negocio explotado con fines de lucro o utilidad; y ganancias, beneficios, rendimientos, fondos, emolumentos o compensación derivados de cualquier procedencia, incluyendo compensaciones como contratista independiente, compensaciones por desempleo, compensaciones por incapacidad, beneficios de retiro y pensiones o cualquier otro pago que reciba un alimentante de cualquier persona natural o jurídica. ” 8 L.P.R.A. sec. 501 (8).
Por su parte, el Tribunal Supremo de Puerto Rico ha aclarado que al determinar la cuantía dé una pensión, se deben considerar aspectos tales como el estilo de vida del alimentante, su capacidad para generar ingresos, la naturaleza y cantidad de propiedades con que cuenta, la naturaleza de su empleo o profesión y sus otras fuentes de ingreso. Rodríguez, Rosado v. Zayas Martínez, Op. 21 de mayo de 1993, 93 J.T.S. 75, pág. 10,721; López v. Rodríguez, 121 D.P.R., pág. 33.
Por otro lado, el artículo 19 de la Ley de Sustento de Menores, supra, establece que en todo caso en que se solicite la fijación o modificación de una pensión alimentaria, será mandatorio que el Tribunal determine el monto de la misma, utilizando para ello las guías adoptadas por el Departamento de Servicios Sociales. [3] Además, dispone que se presumirá que la pensión alimentaria resultante de la aplicación de las guías es justa, adecuada y en el mejor interés de los menores y que esa presunción podrá ser controvertida por cualesquiera de las partes utilizando los criterios establecidos por el Estado Libre Asociado de Puerto Rico.
Por consiguiente, si a base de la evidencia presentada para rebatir la presunción el Tribunal entiende que la aplicación de las guías resulta en una pensión alimentaria injusta o inadecuada, así lo debe hacer constar en la resolución o sentencia que emita y determinará la pensión alimentaria luego de considerar, entre otros, los siguientes factores: (1) los recursos económicos de los padres y del menor; (2) la salud física y emocional de los padres y del menor; (3) el nivel de vida que hubiera disfrutado el menor si la familia hubiera permanecido intacta; (4) las consecuencias contributivas para las partes, cuando ello sea práctico y pertinente; y (5) las contribuciones no monetarias de cada padre para el cuidado y bienestar del menor.
Es necesario recordar que en un litigio sobre alimentos, la única función legítima del Estado es garantizar que el padre o madre aporten, cada uno según sus capacidades, aquello que es necesario para que sus hijos vivan una vida razonablemente cómoda y saludable.
*658 En el caso que nos ocupa, el apelante aceptó su capacidad económica a través de los documentos que él mismo suscribió; por lo tanto, ese hecho no está en controversia. A base de esa información y de la prueba presentada en la vista, la Examinadora recomendó una suma por concepto de pensión alimentaria para el menor, la cual fue acogida en su totalidad por el Tribunal d quo.
Cabe señalar que, si de la aplicación de las guías, la pensión alimentaria asignada resulta inadecuada, cualquiera de las partes, tanto el apelante como la apelada, pueden controvertirla. Sin embargo, en el caso que nos ocupa, la parte apelante en su recurso de apelación no lo hace. En ningún momento, el apelante pone a este Tribunal en posición de revocar o modificar la pensión alimentaria fijada, ya que no demostró en qué forma la pensión fijada resulta inadecuada, mucho menos que la misma no sea conforme a los documentos sometidos voluntariamente por las partes; en fin, porqué la misma resulta excesiva.
III
Por los fundamentos antes expuestos se confirma la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 15
1. Del informe preparado por la Examinadora surge que éste era el noveno señalamiento.
2. Del informe preparado por la Examinadora y de la transcripción de la vista surge que la prueba presentada consistió en los documentos sometidos voluntariamente por las partes durante el descubrimiento de prueba y en el testimonio de la C.P. A. de la parte apelada. Entre los documentos sometidos como prueba y utilizados por la Examinadora en su informe, se encuentra la Planilla de Información Personal y Económica de cada parte, según establece el artículo 23 de la Ley de Sustento de Menores, según enmendada, 8 L.P.R.A. sec. 522.
3. La tabla y guías utilizadas para la fijación o modificación de pensiones alimentarias quedaron adoptadas mediante el Reglamento Núm. 4070 del 8 de diciembre de 1989, promulgado por el Departamento de Servicios Sociales.